**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DENISE CASSESE on behalf of herself and all others similarly situated, <br><br>                         Plaintiff, <br><br>   - against – <br><br> NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, <br><br>                         Defendant. | Case No. <br><br><br><br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1. Plaintiff Denise Cassese, by and through her counsel, on behalf of herself and all others similarly situated, alleges based upon personal knowledge as to Plaintiff's own acts and observations, and upon information and belief as to all other matters based upon the investigation conducted by and through Plaintiff's attorneys, against defendant Nationstar Mortgage d/b/a Mr. Cooper, Inc. ("Defendant" or "Mr. Cooper"), as follows:

## NATURE OF THE ACTION

2. This action arises out of injuries caused to borrowers who payoff their mortgage or home equity loans serviced by Mr. Cooper. In those instances, Mr. Cooper demands borrowers pay "daily interest" through the date of payoff but often collects and fails to refund daily interest demanded and collected for days *after* the date of payoff. Mr. Cooper's retention of daily interest *after* loan payoff is a breach of the borrowers' loan agreements, conversion of borrowers' monies and unjustly enriches Mr. Cooper at borrowers' expense. In addition, Mr. Cooper's promise in its payoff letters to refund any overpayment of daily interest is false and deceptive.

1

3.     Plaintiff Cassese was the borrower on a mortgage loan serviced by Mr. Cooper.  When she sought to repay that mortgage in 2021, Mr. Cooper provided her with a payoff letter listing the amount necessary to payoff her loan.  That payoff amount included "daily interest" of $18.61 calculated through April 1, 2021.  That same payoff letter promised that any "overpayment" will be refunded to the borrower within 20 days.

4.     Plaintiff Cassese fully repaid her loan on or before March 29, 2021, which has been acknowledged in correspondence by Mr. Cooper to Plaintiff Cassese.  Mr. Cooper has never refunded the daily interest overpaid by Plaintiff Cassese.

5.     Plaintiff and other Class members are injured as a direct and proximate cause of the unlawful acts of Mr. Cooper in demanding, collecting and failing to refund the overpayment of daily interest on repaid mortgage and home equity loans.

6.     On behalf of herself and Class of similarly situated borrowers, Plaintiff pleads claims against Mr. Cooper for (a) breach of loan agreements, oftentimes comprising "uniform" Fannie Mae / Freddie Mac and other standardized loan agreements; (b) conversion; (c) unjust enrichment; and (d) New York General Business Law ("GBL") §349 and similar consumer protection statutes in other States.

## <u>JURISDICTION AND VENUE</u>

7.     This Court possesses subject matter jurisdiction under 28 U.S.C. §1332(d) and the Class Action Fairness Act ("CAFA") because this is a class action in which the subject matter in controversy exceeds the sum or value of $5,000,000, there are in excess of 100 class members and members of the Class are citizens of a state different from that of Defendant.

8.     The Court has supplemental jurisdiction over Plaintiff's and the Classes' state and

common law claims pursuant to 28 U.S.C. §1367.

9.      This Court has personal jurisdiction over Defendant.  Defendant is authorized to do business in New York, maintains continuous and systemic contacts with New York and this District, does business in New York and this District specifically related to the claims alleged in this Complaint, and has sufficient minimum contacts with New York so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

10.     Venue is proper in this District under 28 U.S.C. §1391.

## **THE PARTIES**

11.     Prior to the sale of her property serviced by Mr. Cooper on or about March 26, 2021, Plaintiff Cassese was a resident of Baldwin, New York, within this District and a citizen of New York. Plaintiff Cassese is presently a resident and citizen of New Jersey.  Plaintiff Cassese was the owner of a home located at 627 Brooklyn Avenue in Baldwin, New York that was secured by mortgage loan serviced by Mr. Cooper.  Mr. Cooper demanded that Plaintiff pay an amount to repay her mortgage loan that included daily interest paid by Plaintiff Cassese to Mr. Cooper for days after the payoff of her mortgage.  As a result, she was injured and damaged by the loss of money in a manner common and typical of other Class members.

12.     Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper is a Delaware limited liability company with its principal place of business in Texas.  Mr. Cooper is authorized to do business by the New York Secretary of State and is a mortgage loan servicer registered with the New York Department of Financial Services.  Mr. Cooper regularly does business in New York and this District and regularly services loans secured by properties located in New York and this District. According to the 2023 Form 10-K filed by Mr. Cooper's parent company, Mr. Cooper Group, Inc. (NASDAQ:

COOP), "Mr. Cooper Group Inc., including our consolidated subsidiaries[], is the largest non-bank servicer of residential mortgage loans in the U.S. according to the latest publications from Inside Mortgage Finance as of the third quarter of 2023, and a major mortgage originator."  That same Form 10-K identifies "Nationstar Mortgage, LLC" as Mr. Cooper Group, Inc.'s "operating subsidiary."  Mr. Cooper serviced Plaintiff Cassese's mortgage loan for Fannie Mae.

## STATEMENT OF FACTS

13.     Plaintiff was the borrower for a "uniform" Fannie Mae / Freddie Mac Note and Mortgage dated June 12, 2002, secured by her home located at 627 Brooklyn Avenue in Baldwin, New York.

14.     On June 28, 2008, Plaintiff's Note and Mortgage were modified and consolidated by a "uniform" Fannie Mae / Freddie Mac *Consolidated Note* and *Consolidated Mortgage*.

15.     Section 2 (*Interest*) of the *Consolidated Note* states that:  "Interest will be paid on the unpaid principal balance **until the full amount of Principal has been paid**."  (Emphasis added).

16.     Section 1 (*Borrower's Promise to Pay*) of the *Consolidated Mortgage* states that:  "I will pay to Lender on time principal and **interest due under the Note** and any prepayment, late charges and other amounts due under the Note."  (Emphasis added).

17.     The *Consolidated Note* stated in Section 10:  "This Note is a uniform instrument with limited variations in some jurisdictions."

18.     The "Applicable Law" for the *Consolidated Mortgage* was defined as:  "All controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable, judicial opinions."   In addition, Section 16 (*Law That Governs this Security Instrument; Work Usage*) provides:  "This Security

Interest is governed by federal law and the law of New York State.  All rights and obligations contained in this Security Instrument are subject to any requirements of Applicable Law."

19.     Indymac Bank, F.S.B was the Lender listed in the *Consolidated Note* and *Consolidated Mortgage*, prior to the loan being sold and assigned to Fannie Mae.

20.     Mr. Cooper was the servicer of Plaintiff's mortgage loan described in the *Consolidated Note* and *Consolidated Mortgage*.

21.     Mr. Cooper provided a payoff statement to Plaintiff, dated March 17, 2021.  That payoff statement contained a "Payoff Good Through Date" of April 1, 2021.  The "Daily Interest Amount" was $18.61.   The "Total Payoff Amount" was $122,412.19 and included "Interest Calculated From" 3/1/20 to 4/1/21:



**DENISE CASSESE**
**627 BROOKLYN AVE**
**BALDWIN, NY 11510**

### QUOTE INFORMATION

| | |
|---|---|
| Statement Date: | 3/17/21 |
| Payoff Good Through Date: | 4/1/21 |
| Loan Number: | ███0927 |
| Property Address: | 627 BROOKLYN AVE BALDWIN, NY 11510 |

### INTEREST

| | |
|---|---|
| Annual Interest Rate | 6.250% |
| Interest Calculated From | 3/1/20 - 4/1/21 |
| Daily Interest Amount * | $18.61 |

### PAYOFF BREAKDOWN

| | |
|---|---|
| Current Unpaid Principal Balance | $112,375.25 |
| Interest - from 3/1/20 to 4/1/21 | $7,495.26 |
| Escrow Advances | $1,836.18 |
| County Recording Fee | $705.50 |

**TOTAL PAYOFF AMOUNT**      **$122,412**.19
**GOOD THROUGH 4/1/21**

**✦ HOW IS MY INTEREST CALCULATED?**
This is actually quite simple once you see how it works. Essentially, your annual interest rate, remaining balance, and days are distilled down into a single number.

**HOW IS MY DAILY INTEREST CALCULATED?**
{upb} x {interest rate} / {365} x {number of days up to payoff date} = daily interest due

*Funds received after the good through date 4/1/21 or funds that cannot be posted due to missing or incorrect information will require an additional $18.61 of interest per day.

22.     The March 17, 2021 payoff letter further represented that, "Upon processing of payment in full, and within State specified guidelines, **any overpayment** or remaining escrow funds will be disbursed off the loan no more than 20 business days after the payoff has occurred and will subsequently be mailed thereafter."  (Emphasis added).

23.     Upon information and belief, the payoff letter sent by Mr. Cooper to Plaintiff was a form letter, modified only to reflect Plaintiff's name, location and loan details.

24.     Plaintiff Cassese sold her home in Baldwin, New York on March 26, 2021.  The closing for that sale transaction was completed on March 26, 2021.  At the closing, a cashier's check payable to "Mr. Cooper" in the amount of $122,412.19 was provided to payoff Plaintiff's *Consolidated Note*.  Plaintiff's name and loan number were listed on the payoff check.

25.     A transaction history for Plaintiff's mortgage loan provided to her by Mr. Cooper contains Mr. Cooper's view that the "Payoff" of Plaintiff's mortgage loan occurred on March 29, 2021, including the payment of "Payoff Interest" in the amounts demanded in the March 17, 2021 payoff letter, an amount that included the payment of Daily Interest through April 1, 2021:

| Trans | Posted/ Effective | Type | Total Amt | Principal | Interest | Escrow | Partial Pmt Unapplied | Other | Principal Bal | Escrow Bal |
|---|---|---|---|---|---|---|---|---|---|---|
| ... | | | | | | | | | | |
| 154 | 03/29/2021 | PAYOFF | 112,375.25 | 112,375.25 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | 03/29/2021 | Next Due: 04/01/2020 | | | | | | | | |
| 153 | 03/29/2021 | PAYOFF INTEREST | 7,450.16 | 0.00 | 7,450.16 | 0.00 | 0.00 | 0.00 | 112,375.25 | 0.00 |
| | 03/29/2021 | Next Due: 04/01/2020 | | | | | | | | |

26.     Plaintiff's payoff of her mortgage loan serviced by Mr. Cooper occurred no later than March 29, 2021, and as early as March 26, 2021.

27.     Mr. Cooper has not ever refunded any portion of the Daily Interest paid by Plaintiff, including the Daily Interest paid for days *after* payoff of Plaintiff's mortgage loan.

6

28.     Plaintiff has been damaged and injured as a direct and proximate result of the Daily Interest demanded to be paid by Mr. Cooper, and paid by Plaintiff, for days *after* payoff of Plaintiff's mortgage loan.  The payoff date of Plaintiff's mortgage loan was no later than March 29, 2021, and as early as March 26, 2021.

29.     Prior to filing this action, Plaintiff sent a written notice and request to cure and repay the unlawful Daily Interest to Mr. Cooper and the Federal National Mortgage Association at the addresses provided by Mr. Cooper for borrower correspondence.  Neither has cured the unlawful acts pled in this Complaint nor refunded Plaintiff's overpaid Daily Interest.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this action pursuant to FED. R. CIV. P. 23(a), 23(b)(2) and 23(b)(3) on behalf of herself individually and the Classes defined as follows:

(a).     The Nationwide Class.  All borrowers, and heirs and estates of borrowers, who:  (1) repaid a mortgage or home equity loan or line of credit to Nationstar Mortgage LLC d/b/a Mr. Cooper; (2) paid a payoff amount requested by Mr. Cooper that included daily interest; and (3) were not refunded daily interest for any day(s) after the payoff of the mortgage or home equity loan or line of credit.

(b)     The Multistate Subclass.  All members of the Nationwide Class whose homes securing the mortgage or home equity loan or line of credit are or were located in a Consumer Protection Law State (as defined in Count V).

(c).     The New York Subclass.  All members of the Nationwide Class whose homes securing the mortgage or home equity loan or line of credit are or were located in New York.

31.     Excluded from the Nationwide Class, the Multistate Subclass and the New York Subclass (collectively, the "Classes") is Mr. Cooper and its parent(s), subsidiary(ies), officers, directors, employees, partners and co-venturers.  Also excluded are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff assigned to this action.

7

32.     Upon information and belief, the Classes each contain thousands of individuals whose identities can be readily ascertained from Mr. Cooper's books and records.  Plaintiff does not know the exact size or identities of the proposed classes, since such information is in the exclusive control of Defendant.

33.     Common questions of law and fact raised in this action on behalf of the Classes include the following:

(a)     Whether Mr. Cooper failed to refund Daily Interest collected on repaid mortgage and home equity loans;

(b)     Mr. Cooper's policies and procedures to refund the overpayment of Daily Interest on repaid mortgage and home equity loans;

(c)     Whether Mr. Cooper sent form payoff letters to borrowers;

(d)     The amounts in which Class members were injured and damaged by Mr. Cooper's demand, collection and failure to refund of Daily Interest on repaid mortgage and home equity loans;

(e)     The amounts in which Mr. Cooper has been unjustly enriched by its demand, collection and failure to refund the Daily Interest on repaid mortgage and home equity loans; and

(f)     Whether the Class members are entitled to restitution, disgorgement, a constructive trust, declaratory relief and/or injunctive relief.

34.     Plaintiff will fairly and adequately protect the interests of the Classes.  Plaintiff has retained able counsel with extensive experience in consumer and borrower class action litigation.  The interests of Plaintiff are not antagonistic to, the interests of the other Class members.

35.     The questions of law and fact common to the members of the Classes predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

36.     The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual Class members.

37.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the damages suffered by Class members may be relatively small, the expense and burden of individual litigation make it impossible for the Class members to individually redress the wrongs done to them.  The Classes are readily definable, and prosecution of this action as a class action will eliminate the possibility of repetitious litigation.  The Court will encounter no difficulty in managing this action as a class action.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT

### (ON BEHALF OF PLAINTIFF AND THE NATIONWIDE CLASS)

38.     Plaintiff restates, re-alleges and incorporates by reference the foregoing paragraphs.

39.     Mr. Cooper breached Plaintiff's and the Class members' mortgage loan agreements, including the uniform and standardized Notes and Mortgage Agreements concerning the payment of interest owed on Plaintiff's and the Classes' mortgage and home equity loans.

40.     Plaintiff and Class members are the borrowers or representatives of borrowers of loans serviced by Mr. Cooper.

41.     Mr. Cooper was in privity, near privity or functional privity with Plaintiff and Class members concerning the performance of obligations under their mortgage and home equity loan agreements.

42.     Mr. Cooper breached the provisions of the Notes providing the amount of interest owed on the loans and Mr. Cooper's and/or the lender's right and obligation to collect only the permitted amount of interest.  In Plaintiff's case, Mr. Cooper breached Section 1 of Plaintiff's uniform Fannie Mae/Freddie Mac *Consolidated Note*, quote above.

43.     Mr. Cooper breached the provisions of the Mortgage Agreements providing the amount of interest owed on the loans and Mr. Cooper's and/or the lender's right and obligation to collect only the permitted amount of interest.  In Plaintiff's case, Mr. Cooper breached Section 2 of Plaintiff's uniform Fannie Mae/Freddie Mac *Consolidated Mortgage*, quote above.

44.     Plaintiff and Class members have been injured and damaged as a direct and proximate result of Mr. Cooper's breaches of Plaintiff's and Notes and Mortgage Agreements.

45.     As a direct result Mr. Cooper's breaches of contract, it demanded, collected and failed to refund the Daily Interest on repaid mortgage and home equity loans for day(s) after the payoff date, thereby causing actual harm and financial injury and damage to Plaintiff and all Class members.

46.     To remedy Mr. Cooper's breaches of contract, Plaintiff and the Classes seek damages, equitable remedies including an injunction and all other appropriate remedies.

47.     As it pertains to Plaintiff, Mr. Cooper breached her *Consolidated Note* and *Consolidated Mortgage* resulting in injury and actual damages of $18.61 from the payoff date of her mortgage loan, a date between March 26 – March 29, 2021, until April 1, 2021.

## SECOND CAUSE OF ACTION

### CONVERSION

### (ON BEHALF OF PLAINTIFF AND THE NATIONWIDE CLASS)

48.     Plaintiff restates, re-alleges and incorporates by reference the foregoing paragraphs.

49.     Pursuant to FED. R. CIV. P. 8(d), claims for conversion are pleaded in the alternative to Plaintiff's and the Classes' claims for breach of contract.

50.     Mr. Cooper violated the common law of conversion in all the states and territories of the United States where it services mortgage or home equity loans.

51.     Mr. Cooper demanded and collected has not refunded personal property in the form of money rightfully owned by Plaintiff and other borrower Class members, to which Mr. Cooper has no lawful right.  The personal property over which Mr. Cooper has taken unlawful control and dominion comprises a sum-certain in the amount of Daily Interest demanded and collected by Mr. Cooper on repaid mortgage and home equity loans serviced by Mr. Cooper for day(s) after the payoff date.

52.     Plaintiff and the Classes have a possessory right to the Daily Interest on repaid mortgage and home equity loans over which Mr. Cooper has taken control, dominion and/or interfered with it refund to Plaintiff and Class members.  To the extent Mr. Cooper does not presently hold dominion over the unlawfully collected Daily Interest, it has engaged in interference comprising Mr. Cooper having disbursed some or all of the unlawfully collected Daily Interest to third-parties for whom Mr. Cooper services mortgage and home equity loans thereby interfering, frustrating or preventing Plaintiff's and Class members' possession of their personal property.

53.     Mr. Cooper's conversion of Plaintiff's and Class members' personal property was intentional, or sufficiently reckless or knowing to comprise intentional conduct.    Mr. Cooper's intentional, reckless and knowing conversion is evident from the payoff letters it prepares and sends, and its books and records reflecting the payoff dates of mortgage and home equity loans.  Those payoff letters listed the amounts of Daily Interested owed, the date through which Daily Interest was calculated and demanded, and a representation that it would refund any overpayment of Daily Interest.  Likewise, its own books and records confirm when Daily Interest was collected for days *after* the repayment of mortgage and home equity loans.

54.     As a result of Mr. Cooper's intentional conversion of Plaintiff's and the Classes' personal property, taking the form of a sum-certain amount of money demanded and collected for Daily Interest on repaid mortgage and home equity loans, Plaintiff and Class members have been injured and damages and entitled to the return of their personal property.

55.      As it pertains to Plaintiff, Mr. Cooper converted Plaintiff's personal property in the form of Daily Interest on her repaid mortgage loan in the amount and definite sum of $18.61 from the payoff date of her mortgage loan, a date between March 26 – March 29, 2021, until April 1, 2021.

56.     Mr. Cooper should be compelled to provide damages, restitution or to disgorge in a common fund for the benefit of Plaintiff and Class members all unlawful or inequitable proceeds received from them.

57.     A constructive trust should be imposed upon all unlawful or inequitable sums received by Mr. Cooper traceable to Plaintiff and Class members.

### THIRD CAUSE OF ACTION

**UNJUST ENRICHMENT**

**(ON BEHALF OF PLAINTIFF AND THE NATIONWIDE CLASS)**

59.     Plaintiff restates, re-alleges and incorporates by reference the foregoing paragraphs.

60.     Pursuant to FED. R. CIV. P. 8(d), claims for unjust enrichment are pleaded in the alternative to Plaintiff's' and the Classes' claims for breach of contract.

61.     Mr. Cooper has violated the common law of unjust enrichment in all the states and territories of the United States where it services mortgage or home equity loans.

62.     Mr. Cooper has benefited from the unlawful and inequitable acts alleged in this Complaint, comprising its unlawful and inequitable demand, collection and failure to refund Daily Interest on repaid mortgage and home equity loans.

63.     Plaintiff and Class members have conferred upon Mr. Cooper a traceable economic benefit resulting from the unlawful and inequitable acts alleged in this Complaint.

64.     The economic benefits derived by Mr. Cooper are a direct and proximate result of its unlawful and inequitable acts alleged in this Complaint.

65.     Daily Interest on repaid mortgage and home equity loan demanded and collected by Mr. Cooper rightfully and equitably belong to Plaintiff and Class members.

66.     Under the common law of all states and territories within the United States, it would be inequitable and unjust for Mr. Cooper to retain any portion of the Daily Interest collected on repaid mortgage and home equity loans for day(s) after the payoff date, or servicing fees earned by Mr. Cooper from demanding and collecting Daily Interest on repaid mortgage and home equity loans.

67.     Plaintiff's and Class members' unintentional conferral of profits onto Mr. Cooper

were brought about by Mr. Cooper's unlawful, unfair, deceptive, misleading and inequitable methods, acts and practices alleged in this Complaint.

68.     Mr. Cooper should be compelled to provide restitution or to disgorge in a common fund for the benefit of Plaintiff and Class members all unlawful or inequitable proceeds received from them.

69.     A constructive trust should be imposed upon all unlawful or inequitable sums received by Mr. Cooper traceable to Plaintiff and Class members.

## FOURTH CAUSE OF ACTION

### VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW §349

### (ON BEHALF OF PLAINTIFF AND THE NEW YORK SUBCLASS)

70.     Plaintiff restates, re-alleges and incorporates by reference the foregoing paragraphs.

71.     Plaintiff and the members of the New York Subclass are "persons" within the meaning of GBL §349(h).

72.     GBL §349(a) states: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

73.     GBL §349(g) provides that deceptive acts and practices will include those acts and practices "declared to be unlawful ... by any other law of this state ...."  That includes deceptive acts and practices by loan servicers pursuant to 3 N.Y.C.R.R. §419.10(a).

74.     Mr. Cooper engaged in consumer-orientated, deceptive acts, policies, and practices in the form of misrepresentations and/or material omissions during the conduct of business in New York in violation of GBL §349(a) by engaging in the methods, acts, practices, and conduct described in this Complaint.

75.     Mr. Cooper engaged in deceptive acts, policies, and practices in the form of misrepresentations and/or material omissions during the conduct of business in New York in violation of GBL §349(a) by engaging in the methods, acts, practices, and conduct described in this Complaint, including the following:

(a).     Deceptively and unlawfully demanding, collecting and failing to refund Daily Interest on repaid mortgage and home equity loans serviced by Mr. Cooper from Plaintiff and New York Subclass members for day(s) after the payoff date;

(b).    Deceptively and unlawfully representing in payoff letters and statements sent by Mr. Cooper to borrowers, including Plaintiff and New York Subclass members, that it would refund the overpayment of Daily Interest;

(c).    As set forth in 3 N.Y.C.R.R. §419.10(a)(1) pertaining to loan servicers, "engaging in unfair, deceptive or abusive business practices or misrepresenting or omitting any material information in connection with the servicing of a mortgage loan, including, but not limited to, misrepresenting the amount, nature or terms of any fee or payment due or claimed to be due on the loan, the terms and conditions of the servicing agreement or the borrower's obligations under the loan."

76.    Mr. Cooper's conduct alleged in this Count is deceptive because those acts and practices are likely to mislead consumers, borrowers and the public by making them believe, falsely, that (a) Mr. Cooper would demand and collect only the amount of Daily Interest through the payoff date of the mortgage or home equity loan; and (b) Mr. Cooper would refund overpayments of Daily Interest demanded and collected by Mr. Cooper.

77.    Mr. Cooper's violations of GBL §349(a) have directly, foreseeably, and proximately caused damages and injury to Plaintiff and the New York Subclass.  Mr. Cooper's violations of GBL §349 caused Plaintiff's and New York Subclass members' injuries because absent their violations Plaintiff and New York Subclass members would not have been overcharged Daily Interest on their repaid mortgage and home equity loans and that if overcharges occurred, they would be refunded.

78.    Plaintiff is a member of the New York Subclass insofar as prior to the sale of her home in Baldwin, New York, she was a resident and citizen of New York, Mr. Cooper serviced Plaintiff's mortgage loan secured by that home in Baldwin, New York.  Mr. Cooper sent Plaintiff a

payoff letter at her home in Baldwin, New York and Mr. Cooper demanded, collected and failed to refund the overpayment of Daily Interest on Plaintiff's repaid mortgage loan.

79.     Plaintiff and the New York Subclass are entitled to pursue claims against Mr. Cooper for damages, statutory damages, treble damages, exemplary damages, injunctive relief, costs and attorneys' fees pursuant to GBL §349(h) to redress Mr. Cooper's violations of GBL §349(a).

80.     New York Subclass members who were sixty-five years of age or older at the time of Mr. Cooper's violations of GBL §349 are entitled to pursue additional claims and remedies pursuant to GBL §349-c to redress Mr. Cooper's violations of GBL §349(a) perpetrated against one or more elderly persons.

**FIFTH CAUSE OF ACTION**

**VIOLATIONS OF STATE CONSUMER PROTECTION STATUTES**

**(ON BEHALF OF PLAINTIFF AND THE MULTISTATE SUBCLASS)**

81.     Plaintiff restates, re-alleges and incorporates by reference the foregoing paragraphs.

82.     The following consumer protection statutes provide a basis for redress to Plaintiff and the Multistate Subclass based on Mr. Cooper's unfair, deceptive, and/or misleading acts, practices and conduct concerning the demand, collection and failure to refund Daily Interest on repaid mortgage and home equity loans, despite representations made in payoff letters sent by Mr. Cooper to Subclass members with properties securing mortgage or home equity loans in the following "Consumer Protection Law States:"

(a)     The Alaska Unfair Trade Practices and Consumer Protection Act, Alaska State. §§ 45.50.471 *et seq.*;

(b)     The Arizona Consumer Fraud Act, Ariz. Rev. Stat. Ann. §§ 44-1521, et seq.;

(c)     The Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-88-101, *et seq.*;

(d)     The California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* and/or the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

(e)     The Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-1-101, *et seq.*;

(f)     The Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, *et seq.*;

(g)     The Delaware Consumer Fraud Act, Del. Code Ann. tit. 6, §§2511 et seq. and/or the Delaware Uniform Deceptive Trade Practices Act, Del. Code Ann. tit. 6, §2531, *et seq.*;

(h)     The District of Columbia Consumer Protection Procedures Act, D.C. Code Ann. §28-3901, *et seq.*;

(i)      The Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §§ 501.201, *et seq.*;

(j)      The Georgia Uniform Deceptive Trade Practices Act, Ga. Code Ann. §§ 10-1-370, *et seq.*;

(k)      The Hawaii Uniform Deceptive Trade Practices Act, Haw. Rev. Stat. §§ 481A-1, *et seq.* and/or Hawaii Rev. Stat. §§ 480-1, *et seq.*;

(l)      The Idaho Consumer Protection Act, Idaho Code §§ 48-601, *et seq.*;

(m)      The Illinois Consumer Fraud and Deceptive Business Practices Act, Ill. Comp. Stat. Ann. §§ 505/1 *et seq.*;

(n)      The Indiana Deceptive Consumer Sales Act, Ind. Code Ann. §§ 24-5-0.5-1, *et seq.*;

(o)      The Kansas Consumer Protection Act, Kan. Stat. Ann. §§ 50-623, *et seq.*;

(p)      The Kentucky Consumer Protection Act, Ky. Rev. Stat. §§ 367.110, *et seq*;

(q)      The Maine Unfair Trade Practices Act, Me. Rev. Stat. Ann. tit. 5, §§ 205A, *et seq.*;

(r)      The Maryland Consumer Protection Act, Md. Com. Law. Code Ann. §§ 13-101, *et seq.*;

(s)      The Massachusetts Regulation of Business Practice and Consumer Protection Act, Mass. Gen. Laws Ann. Ch. 93A;

(t)      The Michigan Consumer Protection Act, Mich. Comp. Laws Ann §§ 445-901, *et seq.*;

(u)      The Minnesota Prevention of Consumer Fraud Act, Minn. Stat. Ann. §§ 325F.68, *et seq.*;

(v)      The Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010, *et seq.*;

(w)      The Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601, *et seq.*;

(x)     The New York General Business Law, §349, *et seq.*

(y)     The Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §§ 598.0903 *et seq.* and/or Nevada Rev. Stat. §41.600;

(z)     The New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann., §§ 358-A:1, *et seq.*;

(aa)    The New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1, *et seq.*

(bb)    The New Mexico Unfair Practices Act, N.M. Stat. Ann., §§ 57-12-1, *et seq.*;

(cc)    The New York General Business Law §349, *et seq.*;

(dd)    North Carolina, N.C. Gen. Stat. §§ 75-1.1, *et seq.*;

(ee)    North Dakota, N.D. Gen. Stat. §§ 51-15-01, *et seq.*;

(ff)    The Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. §§ 1345.01, *et seq.*;

(gg)    The Oklahoma Consumer Protection Act, Okla. Stat. Ann. tit. 15, §§ 751, *et seq.*;

(hh)    The Oregon Unlawful Trade Practices Law, Or. Rev. Stat., §§ 646-605 *et seq.*;

(ii)    The Pennsylvania Unfair Trade Practices and Consumer Protection Law, Pa. Stat. Ann. tit. 73, §§ 201-1, *et seq.*;

(jj)    The Rhode Island Unfair Trade Practices and Consumer Protection Act, R.I. Gen. Law §§ 6-13.1-1, *et seq.*;

(kk)    The South Dakota Deceptive Trade Practices and Consumer Protection Act, S.D. Codified Laws Ann. §§ 37-24-1, *et seq.*;

(ll)    The Texas Deceptive Trade Practices – Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§ 17.41, *et seq.*;

(mm)    The Vermont Consumer Fraud Act, Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.*;

(nn)    West Virginia, W.Va. Code §§ 46A-6-101, *et seq.*;

(oo)    Wisconsin, Wisc. Stat. Ann. §100.18; and

(pp)    The Wyoming Consumer Protection Act, Wyo. Stat. §40-12-101, *et seq.*

83.    Plaintiff and the Multistate Subclass have been injured as a direct and proximate result of Mr. Cooper's violations of the state consumer protection laws recited in this Count.

84.    Plaintiff and the Multistate Subclass have suffered and incurred actual damages as a direct and proximate result of Mr. Cooper's violations of the state consumer protection laws recited in this Count, in the amount of the Daily Interest demanded and collected by Mr. Cooper but not refunded for each day *after* the payoff of Subclass members' mortgage and home equity loans.

85.    To the extent required to state a claim under any statute listed in this Count, Plaintiff and the Multistate Subclass reasonably relied on Mr. Cooper's misrepresentations, unfair and deceptive statements, material omissions concerning the need to pay Daily Interest as stated in payoff letters sent by Mr. Cooper.

86.    Mr. Cooper's unfair and deceptive acts and practices concerning its demand, collection and failure to refund Daily Interest on repaid mortgage and home equity loans was knowing, willful and/or reckless.

87.    Plaintiff and the Multistate Subclass are borrowers or their estates for whom Mr. Cooper serviced their mortgage or home equity loans, to whom Mr. Cooper sent payoff letters demanding the payment of Daily Interest to payoff their loans, and for whom Mr. Cooper collected but has not refunded Daily Interest for days *after* the payoff of their loans.

88.    Plaintiff and the Multistate Subclass are entitled to pursue claims against Mr. Cooper pursuant to the state consumer protection laws recited in this Count.

89.     Plaintiff and the Multistate Subclass seek damages, statutory damages, exemplary damages, punitive damages, an injunction, restitution, disgorgement attorney's fees and costs, and all other appropriate legal and equitable relief and remedies pursuant to the state consumer protection laws recited in this Count.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment against Defendant as follows:

A.      An order certifying this case as a class action under FED. R. CIV. P. 23, and appointing Plaintiff and their counsel to represent the Classes;

B.      An order declaring and finding that Mr. Cooper's acts and practices constitute breaches of contract;

C.      An order declaring and finding that Mr. Cooper engaged in conversion of Plaintiff's and the Classes' personal property in the form of the overpayment of Daily Interest;

D.      An order declaring and finding that Mr. Cooper's acts and practices constitute unjust enrichment;

E.      An order declaring and finding that Mr. Cooper's acts and practices constitute violations of New York GBL §349;

F.      An order declaring and finding that acts and practices constitute violations of the consumer protection laws in the Consumer Protection Law States;

F.      A permanent injunction;

G.      An order requiring restitution and disgorgement and the creation of a constructive trust for the benefit of Plaintiff and the Classes;

H.      An order requiring Mr. Cooper to refund all overpayments of Daily Interest demanded and collected by Mr. Cooper.

I.      Pre-judgment and post-judgment interest to the fullest extent permitted by law;

J.      Attorneys' fees and costs required to reasonably investigate and prosecute this action;

and

K.      All such other relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for all claims to the extent authorized by law.

DATED:  May 3, 2024

                              **TUSA P.C.**

                              /s/ Joseph S. Tusa
                              Joseph S. Tusa
                              joseph.tusapc@gmail.com
                              P.O. Box 566
                              55000 Main Road, 2nd Floor
                              Southold, NY  11971
                              Tel. (631) 407-5100

                              **LOWEY DANNENBERG P.C.**
                              Peter D. St. Phillip, Jr.
                              pstphillip@lowey.com
                              Scott V. Papp
                              spapp@lowey.com
                              44 South Broadway, Ste. 1100
                              White Plains, NY  10601
                              Tel. (914) 997-0500

                              ***Attorneys for Plaintiff***
                              ***and Proposed Class Counsel***